IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEAN CARLOS BURKE            )
           Plaintiff,    )
         v.           )   C.A. No. 05-371 Erie
                                  )   District Judge McLaughlin
ACCO BRANDS, INC, et al.,    )   Magistrate Judge Baxter
           Defendants.   )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant ACCO Brands [Document # 5] be denied.

It is further recommended that Plaintiff be directed to file an amended complaint as to his tort claims against ACCO Brands, Boise Cascade Corporation, and John Doe Manufacturer, within twenty days.

**II.    REPORT**

    **A.    Introduction**

On December 20, 2005, this case was removed by Defendant ACCO Brands to this federal court. Plaintiff is an inmate acting *pro se*. Named as Defendants are: ACCO Brands, Inc.; Boise Cascade Corporation; John Doe Manufacturer; and Carol Scire, Jeffrey Beard, and Superintendent Harry Wilson, all employees of the Pennsylvania Department of Corrections. Plaintiff alleges that he suffered injuries to his left hand caused by a stapler manufactured and distributed by ACCO Brands. Plaintiff claims that the stapler is defective, prone to malfunction and does not contain warning stickers. In addition to the tort claims against ACCO Brands, Boise Cascade, and John Doe Manufacturer, Plaintiff is asserting federal constitutional violations against Defendants Beard, Scire and Wilson. As relief, Plaintiff seeks monetary damages, as

well as injunctive relief.  See Document # 1, Attachment 2, Common Pleas Complaint.

Defendant ACCO Brands has filed a motion to dismiss and Plaintiff has filed an Brief in Opposition to the pending motion to dismiss.

### B.     Standards of Review

#### 1.     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.     Motion to dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

    **C.**    **Claims against Defendant ACCO Brands**

Plaintiff alleges that on May 16, 2005, he was using a heavy-duty stapler when it either jammed or ran out of staples.  When Plaintiff attempted to fix the stapler, his left hand became caught in the rod mechanism.  Plaintiff claims that Defendant ACCO Brands is the manufacturer and distributor of the stapler and should therefore be liable to him for his resulting injuries.[1]

---

[1] Plaintiff requests the following relief from Defendant ACCO Brands:

    A.    ... $45,000 dollars [sic] in compensatory damages as a result of the physical injury which has resulted from the Plaintiff's usage of the Swingline Heavy Duty Stapler, Stock No. 39002 and the Plaintiff's preclusion to perform his regular activities as a result of the injury to his left hand since the occurrence of the injury.

    B.    ... $45,000 dollars [sic] in punitive damages as a result of the physical injury incurred as a result of the usage of the defective product which is prone to malfunctioning and when the malfunction occurs the infliction of physical injury occurs upon the use.

    C.    ... $100,000 dollars [sic] as a result of ACCO Brands, Inc., failure to affix adequate warning stickers at the rear of the Swingline Heavy Duty Stapler,

Plaintiff's claims against Defendant ACCO Brands sound in strict liability. The Restatement (Second) of Torts Section 402A, which has been expressly adopted by the Supreme Court of the Commonwealth of Pennsylvania, [see <u>Pennsylvania Dep't. Of General Services v. United States Mineral Products Company</u>, 898 A.2d 590, 615 (Pa. May 25, 2006) <u>citing</u> <u>Webb v. Zern</u>, 422 Pa. 424, 220 A.2d 853 (Pa. 1966)] provides that:

> (1) One who sells any product in a defective condition and reasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

---

> Stock No. 39002, to put the user and or purchaser on Notice of the devices capability to malfunction and when that malfunction occurs physical injury is inflicted upon the user or purchaser, in violation of strict liability statutes.
>
> D. ... $45,000 dollars [sic] for pain and suffering as a result of the Plaintiff's inability to function without the aid of pain and anti inflammatory medications as a result of the injuries inflicted upon him by the ACCO Brands, Inc. Swingline Heavy Duty Stapler, Stock No. 39002.
>
> E. ... a per diem figure in the amount of $80,000 dollars [sic] for the expense of litigating this tort action, as well as $ 500 dollars [sic] a day for each day that the corporation known as ACCO Brands refuses to provide warning stickers upon there [sic] product.
>
> F. ... $ 35,000 dollars [sic] due to loss of weight muscle mass and size as a direct result of the Plaintiff's inability to put any weight down on his left hand since the occurrence of this injury inflicted by the Swingline Heavy Duty stapler, stock no. 39002, as well as recurring numbness and the inability to grip objects as a result of the injury to the left hand.
>
> G. ... $ 776 dollars [sic] in lost wages and salary to the Plaintiff from the date of the injury to the present time of the filing of this tort action, due to his inability to be employed as a Hazmat removal worker and skilled maintenance repair worker.

Document # 1, Attachment 2, page 16.

>   (2)   The rule in subsection (a) applies although (a) the seller has exercised all possible care in the preparation and sale of this product and (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) of Torts Section 402A.

So then under Pennsylvania law, "to recover under § 402A, a plaintiff must establish that the product was defective, that the defect was a proximate cause of the plaintiff's injuries, and that the defect causing the injury existed at the time the product left the seller's hands." Davis v. Berwind Corporation, 547 Pa. 260, 267, 690 A.2d 186, 190 (Pa. 1997) quoting Berkebile v. Brantly Helicopter Corporation, 462 Pa. 83, 93-94, 337 A.2d 893, 899 (1975).

In his *pro se* complaint, Plaintiff does not allege what was defective about the stapler or how any alleged defect proximately caused his injuries. Such would normally be grounds for dismissal of the complaint. However, in his brief in opposition to the pending motion to dismiss, Plaintiff attempts to articulate the defect in the design of the stapler. Document # 8, page 7-8.

Because Plaintiff is a *pro se* litigant and because he was not previously advised by this Court that he could file an amended complaint in response to the motion to dismiss, he should be permitted to amend his complaint to plead his tort claims at this time. See Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir. 2002). Accordingly, the motion to dismiss should be denied at this stage of the proceedings. Defendant may reassert its motion to dismiss following the filing of the amended complaint.

### III.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends the motion to dismiss filed by Defendant ACCO Brands [Document # 5] be denied.

It is further recommended that Plaintiff be directed to file an amended complaint as to his tort claims against ACCO Brands, Boise Cascade Corporation, and John Doe Manufacturer, within twenty days.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local

Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: July 21, 2006