IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN CARLOS BURKE )<br>                  Plaintiff, )<br>    v. )<br>                        )<br>ACCO BRANDS, INC, et al., )<br>                 Defendants. ) | C.A. No. 05-371 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the motions to dismiss filed by the Commonwealth Defendants Beard, Wilson and Scire [Documents # 22 and 31] be granted.

In light of the dismissal of the federal law claims and finding no consideration requiring the retention of Plaintiff's state law claims, this Court, in its discretion and pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. As such, the remainder of this action should be remanded to the Court of Common Pleas of Fayette County, Pennsylvania.

**II.   REPORT**

**A.   Introduction**

On December 20, 2005, this case was removed by Defendant ACCO Brands from the Court of Common Pleas of Fayette County, Pennsylvania, to this federal court.[1]  Plaintiff is an inmate acting *pro se*.  Originally named as Defendants are: ACCO Brands, Inc.; Boise Cascade Corporation; John Doe Manufacturer; and Carol Scire, Jeffrey Beard, and Superintendent Harry Wilson, all employees of the Pennsylvania Department of Corrections.  Plaintiff alleges that he

---

[1] None of the parties filed objections to the removal from state court.

suffered injuries to his left hand caused by a stapler manufactured and distributed by ACCO Brands. Plaintiff claims that the stapler is defective, prone to malfunction and does not contain warning stickers. In addition to the tort claims against ACCO Brands, Boise Cascade, and John Doe Manufacturer, Plaintiff is asserting federal constitutional claims against the Department of Corrections Defendants Beard, Scire and Wilson. As relief, Plaintiff seeks monetary damages, as well as injunctive relief. See Document # 1, Attachment 2, Common Pleas Complaint.

By motion dated January 19, 2006, Defendant ACCO Brands moved to dismiss the case against it. By Report and Recommendation dated July 21, 2006, this Court recommended that the motion to dismiss be denied and that Plaintiff be directed to file an amended complaint as to his tort claims against Defendants ACCO Brands, Boise Cascade Corp., and John Doe Manufacturer. Document # 27. On August 9, 2006, District Judge Sean J. McLaughlin adopted the Report and Recommendation as the opinion of the court and issued a separate order directing Plaintiff to file an amended complaint only as to his tort claims against Defendants ACCO Brands, Boise Cascade and John Doe Manufacturer. Document # 29.

On September 5, 2006, Plaintiff filed an amended complaint. Despite the specific mandates of this Court's Report and Recommendation and the subsequent order by the District Judge, Plaintiff filed an amended complaint naming an additional Defendant (Department of Corrections) and adding a new claim (based upon the state created danger theory of liability) against Commonwealth Defendants Wilson and Scire. Plaintiff did not attempt to serve the new Defendant Department of Corrections with a copy of the complaint.[2] The Commonwealth Defendants have filed a motion to dismiss the original complaint and a motion to dismiss the

---

[2] Plaintiff's failure to serve the Department of Corrections as a Defendant in this matter is of little import at this stage of the proceedings as the Department of Corrections would ultimately be dismissed under the Eleventh Amendment. See infra, Section D, and Lavia v. Commonwealth of Pennsylvania, 224 F.3d 190 (3d Cir. 2000). Additionally, the Department of Corrections is not a legal entity capable of being sued under § 1983 and so, would be dismissed in that regard. See Williams v. Pennsylvania, Dept. of Corrections, 146 Fed.Appx. 554 (3d Cir. 2005) (affirming judgment of District Court granting summary judgment to Department of Corrections because it was not a "person" for purposes of Section 1983).

amended complaint. Plaintiff has filed a brief in opposition. These motions should be granted and this Court should remand the remainder of this case to the state court.

      **B.**      **Standards of Review**

          **1.**     ***Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

          **2.**     **Motion to dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no

3

relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3.  Motion for summary judgment

The parties have attached exhibits to their respective filings. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Corrections Officer., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Corrections Officer. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Corrections Officer. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a

5

reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

      **C.**     **Claims against the Commonwealth Defendants**

As to Defendant Beard, Plaintiff seeks only injunctive relief in the form of an order directing him to refrain from doing business with the manufacturer Defendants and to remove all allegedly defective staplers from Department of Corrections facilities.

In his original complaint, Plaintiff alleges that following his injury he filed a grievance with Defendant Scire, the Grievance Coordinator, who responded that he should not use the stapler again.  Plaintiff argues that this demonstrates that Defendant Scire was deliberately indifferent to his "physical injuries."  As to Defendant Wilson, Plaintiff alleges that when he appealed Scire's decision, Wilson refused to respond thereby depriving him of his right to procedural due process and First Amendment right to redress of grievances.[3]  In his amended complaint, Plaintiff raised an additional claim against Defendants Wilson and Scire, although the Court had not given him permission to do so.  See Fed.R.Civ.P. 15.  In the amended complaint, Plaintiff alleges that both Wilson and Scire are liable to him under a "state-created danger" theory.[4]

---

[3] Plaintiff also generally avers that his right to Equal Protection has been violated. However, Plaintiff does not even mention how he has been treated differently from other similarly situated inmates for purposes of stating a claim under the Equal Protection Clause.

[4] The Due Process Clause generally does not impose an affirmative duty upon the state to protect citizens from the acts of private individuals.  See DeShaney v. Winnebago County Dep't. of Social Services, 489 U.S. 189 (1989).  However, the United States Court of Appeals for the Third Circuit, along with many other Circuit Courts of Appeal, has recognized an exception to this general rule by confirming that liability may attach where the state acts to create or enhance an danger that deprives the plaintiff of his constitutional right to substantive due process.  Kneipp v. Tedder, 95 F.3d 1199, 1201 (3d Cir. 1996).  Most recently, this Circuit has explained that a plaintiff may recover on this "state created danger theory" upon a showing that: (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted with a degree of culpability that shocks the conscience; 3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's action, or a member of a discrete class of persons subjected to a potential harm brought about by the state's actions, as opposed to a member of the public in general; and 4) a state actor affirmatively used his or her

### D.     Defendant Jeffrey Beard, Commissioner of the Department of Corrections

The only relief Plaintiff seeks against Defendant Beard is injunctive in nature.

The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)).

While the Eleventh Amendment immunizes state officials from monetary damages, such immunity generally does not apply to claims for injunctive relief against state officials to enjoin conduct alleged to be an ongoing violation of the Constitution or federal law. Ex Parte Young, 209 U.S. 123, 129 (1908). In order to avoid the immunity, the complaint must allege an ongoing violation of federal law and seek injunctive relief on those specific grounds. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996) (Eleventh Amendment is no bar to federal jurisdiction over state officials when the suit seeks prospective relief to end a continuing violation of federal

---

authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. Sanford v. Stiles, 456 F.3d 298, 304-305 (3d Cir. 2006).

Here, Plaintiff has not satisfactorily alleged such a claim against Defendants Wilson and Scire. Even if Plaintiff could show that the stapler malfunction and his resulting injuries were foreseeable, he has not alleged that Wilson and Scire acted with a degree of culpability that shocks the conscience by allowing the stapler to be used by inmates within the prison. See id., at 310 ("we hold that in a state created danger case, when a state actor is not confronted with a 'hyperpressurized environment' but nonetheless does not have the luxury of proceeding in a deliberate fashion, the relevant question is whether the officer consciously disregarded a great risk of harm.").

law); Verizon Maryland Inc., v. Public Service Commission of Maryland, 535 U.S. 635 (2002) (in determining whether Ex Parte Young avoids the Eleventh Amendment bar to suit, the court need only conduct a straightforward inquiry into whether the complaint alleges prospective injunctive relief to stop an ongoing violation of federal law).

In the present case, there is no allegation of an ongoing violation of federal law. Instead, Plaintiff's complaint is grounded in products liability and the relief he seeks against Defendant Beard does not involve federal law or the U.S. Constitution. Accordingly, the motion to dismiss should be granted as to the claims against Defendant Beard.

### E.     Defendant Harry Wilson, Superintendent of SCI-Fayette

The gravamen of Plaintiff's complaint against Defendant Wilson is that he did not respond to Plaintiff's grievance. However, the evidentiary record before this Court demonstrates to the contrary.[5] The record reflects that Defendant Wilson issued a response to the appeal of Defendant Scire's decision on June 27, 2005.[6] See Document # 32, Exhibit A.

Accordingly, Defendant Wilson should be granted summary judgment as to this claim against him.

### F.     Defendant Carol Scire, Grievance Coordinator

Plaintiff alleges that Defendant has been deliberately indifferent to his injuries. Such a claim arises under the Eighth Amendment prohibition against cruel and unusual punishment.

In the non-medical context,[7] the Eighth Amendment imposes a duty upon prison officials

---

[5] This Court also notes that prisoners are not constitutionally entitled to a grievance system. Wilson v. Horn, 971 F.Supp. 943 (E.D. Pa. 1997), aff'd. 142 F.3d 430 (3d Cir. 1998).

[6] The Commonwealth Defendants have not raised the failure to exhaust administrative remedies in accordance with the Prison Litigation Reform Act as a basis for their motion to dismiss.

[7] In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble,

to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates," Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). To make out an Eighth Amendment claim based on prison conditions, the plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994) An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000).

As to the first requirement, "prison conditions violate the Eighth Amendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an 'unquestioned and serious deprivation of basic human needs.'" Robinson v. Carr, 99 F.3d 1150 (Table)(10th Cir.1991) quoting Rhodes, 452 U.S. at 346-47. As to the second requirement, deliberate indifference is a difficult standard to meet: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Plaintiff's claims do not establish an Eighth Amendment violation. The conditions alleged fall short of demonstrating cruel and unusual punishment because there is no evidence that they "inflict unnecessary or wanton pain" or are "grossly disproportionate to the severity of crimes warranting imprisonment," under the objective standard. Rhodes, 452 U.S. at 348-50. In general, the severity and duration of deprivations are inversely proportional, so that minor

---

429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). In his filings, Plaintiff makes clear that he is not complaining about the medical treatment he received for his injuries. Document # 40, page 10 ("there are no claims raised against medical care which was provided.").

deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations of shelter, food, drinking water, and sanitation may meet the standard despite a shorter duration. Bainum v. Sedgwick County Commissioners, 27 Fed.Appx. 965, 2001 WL 1637732, *3 (10th Cir. 2001). Thus, the facts alleged here do not constitute cruel and unusual punishment because they do not adequately allege that basic human needs were left unsatisfied. Tillman, 221 F.3d at 419 (prisoner was not subject to cruel and unusual punishment because he was never denied room, food, or other necessities). Accordingly, the motion to dismiss should be granted as to the claims against Defendant Scire.

### III.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motions to dismiss filed by the Commonwealth Defendants Beard, Wilson and Scire [Documents # 22 and 31] be granted.

In light of the dismissal of the federal law claims and finding no consideration requiring the retention of Plaintiff's state law claims, this Court, in its discretion and pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. As such, the remainder of this action should be remanded back to the Court of Common Pleas of Fayette County, Pennsylvania.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: January 17, 2007