**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEAN CARLOS BURKE | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-371 Erie |
| | ) | District Judge McLaughlin |
| ACCO BRANDS, INC, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended the remainder of this action (the state law tort claims) be remanded to the Court of Common Pleas of Fayette County, Pennsylvania.

By separate Order filed this day, Plaintiff's "Motion for Joinder" [Document # 49] and "Motion to Compel" [Document # 51] are dismissed as moot.

**II.     REPORT**

**A.      Introduction**

On December 20, 2005, this case was removed by Defendant ACCO Brands from the Court of Common Pleas of Fayette County, Pennsylvania, to this federal court.[1]  Plaintiff is an inmate acting *pro se.*  Originally named as Defendants were: ACCO Brands, Inc.; Boise Cascade Corporation[2]; John Doe Manufacturer; and Carol Scire, Jeffrey Beard, and Superintendent Harry

---

[1]  Interestingly, the basis for the removal from state court by the manufacturer Defendants was the federal question jurisdiction flowing from the claims levied against the Commonwealth Defendants.  None of the parties filed objections to the removal from state court.

[2]  Office Max,  Inc. was substituted for Boise Cascade.  See Documents # 42 and 44.

1

Wilson, all employees of the Pennsylvania Department of Corrections.  Plaintiff alleges that he suffered injuries to his left hand caused by a stapler manufactured and distributed  by ACCO Brands.  Plaintiff claims that the stapler is defective, prone to malfunction and does not contain warning stickers.  In addition to the tort claims against ACCO Brands, Boise Cascade, and John Doe Manufacturer, Plaintiff is asserting federal constitutional claims against the Department of Corrections Defendants Beard, Scire and Wilson.   As relief, Plaintiff seeks monetary damages, as well as injunctive relief.  See Document # 1, Attachment 2, Common Pleas Complaint.

By motion dated January 19, 2006, Defendant ACCO Brands moved to dismiss the case against it.  By Report and Recommendation dated July 21, 2006, this Court recommended that the motion to dismiss be denied and that Plaintiff be directed to file an amended complaint as to his tort claims against Defendants ACCO Brands, Boise Cascade Corp., and John Doe Manufacturer.  Document # 27.  On August 9, 2006, District Judge Sean J. McLaughlin adopted the Report and Recommendation as the opinion of the court and issued a separate order directing Plaintiff to file an amended complaint only as to his tort claims against Defendants ACCO Brands, Boise Cascade and John Doe Manufacturer.  Document # 29.

On September 5, 2006, Plaintiff filed an amended complaint.  The Commonwealth Defendants filed a motion to dismiss the original complaint and a motion to dismiss the amended complaint.  Plaintiff filed a brief in opposition. By Report and Recommendation dated January 17, 2007, this Court recommended that the motions to dismiss filed by the Commonwealth Defendants be granted and that the remainder of the action (the state law tort claims against the manufacturer Defendants) be remanded to the Court of Common Pleas of Fayette County because there was no longer federal question jurisdiction. Document # 45.

On January 26, 2007, the manufacturer Defendants filed a motion for reconsideration as to the recommendation for remand.  Document # 46.  This Court granted that motion and ordered additional briefing which has been filed.  The issue of remand is ripe for disposition by this Court.

_____**B.**    **The State Law Tort Claims against the Manufacturer Defendants**

The manufacturer Defendants argue that the remainder of this case (following the dismissal of the Commonwealth Defendants) should not be remanded to the state court because although federal question jurisdiction has been destroyed by the dismissal of the Commonwealth Defendants, diversity jurisdiction has been created.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Corrections Officer. of America, 114 S.Ct. 1673, 1675 (1994).  See also Dickler v. Cigna Property and Casualty Company, 48 Fed.Appx. 856, 858 (3d Cir. 2002).  It is well established that federal courts are to presume that a cause of action lies outside this limited jurisdiction. Kokkonen, 114 S.Ct. at 1675, citing  Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799).[3]  Title 28 U.S.C. § 1447(c) requires that, in removed cases, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to the state court.

_____Title 28 U.S.C.  § 1332(a) provides the basis for diversity jurisdiction of the federal courts:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States; [or]
> (2) citizens of a State and citizens or subjects of a foreign state;

28 U.S.C. § 1332(a)(1) and (2).

There is no issue in this case that following the dismissal of the Commonwealth Defendants,  the remaining adverse parties are citizens of different countries.[4]  Therefore, the

_____

[3] "On a motion to remand, the defendant [the removing party] bears the burden of establishing jurisdiction."  Crackau v. Lucent Technologies, 2003 WL 21665135, at * 1 (D.N.J.,2003), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

[4] Plaintiff is incarcerated in Fayette County, Pennsylvania.  Defendant ACCO Brands USA LLC is a corporation formed in Delaware with its principle place of business at

only issue is whether the amount in controversy meets the jurisdictional threshold.  In determining whether the party asserting the jurisdiction of the court has met the amount in controversy requirement, "the sum claimed by the [party asserting the jurisdiction] controls if the claim is apparently made in good faith." State Farm Mutual Auto Ins. Corrections Officer. v. Powell, 87 F.3d 93, 96 (3d Cir.1996). If, however, the amount in controversy is challenged, the party asserting jurisdiction must show that the jurisdictional requirement has been met. See Rueda v. Amerifirst Bank, 1991 WL 25565 * 2 (E.D.Pa. Feb.25, 1991); Davis v. Shultz, 453 F.2d 497 (3d Cir.1971).

The Third Circuit clarified the standard to be used by district courts in determining the amount in controversy on a motion to remand.  In Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 398 (2004), the Circuit held that the defendant must show to a "legal certainty" that the amount in controversy exceeds the statutory requirement.  Id.

As relief, Plaintiff seeks monetary damages for injuries to his hand, pain and suffering and lost wages in the amount of $776.00.[5]  See Complaint and Amended Complaint.  Defendants argue that Plaintiff's settlement demand of $450,000.00 is enough to support the amount in controversy.  Document # 48.  Because this is a personal injury case, there is no guidance for this Court for determining the amount in controversy.  It is the moving party's (here, the Defendants') burden to establish that the case meets the jurisdictional requirements.  Meritcare Inc. v. St. Paul Mercury Insurance Corrections Officer., 166 F.3d 214, 222 (3d Cir. 1999), abrogated on other grounds, Exxon Mobile Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005).  In this case, the manufacturer Defendants have not met this burden.  Accordingly, the state law tort claims against the manufacturer Defendants should be remanded to the state court.

---

Lincolnshire, Illinois.  Defendant Office Max, Inc. is incorporated in Delaware with its principle place of business at Naperville, Illinois.  Defendant John Doe Manufacturer is a foreign corporation located within the People's Republic of China.

[5]  Because Plaintiff is incarcerated and has received medical treatment, there are no medical costs which are part of the requested relief.

4

**III.    CONCLUSION**

For the foregoing reasons, this Court respectfully recommends that the remainder of this action (the state law tort claims) be remanded to the Court of Common Pleas of Fayette County, Pennsylvania.

By separate Order filed this day, Plaintiff's "Motion for Joinder" [Document # 49] and "Motion to Compel" [Document # 51] are dismissed as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated: March 5, 2007

5